UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAI CORPORATION,

          Plaintiff(s),

  v.

INTEGRATED SCIENCE SOLUTIONS, INC., ET AL.,

          Defendant(s).

No. C-06-05349 JCS

**ORDER CONTINUING TEMPORARY STAY OF ENFORCEMENT OF JUDGMENT [Docket No. 253]**

Defendants in the above-captioned matter have filed a motion to stay enforcement of judgment pending determination of their motion for new trial and renewed motion for judgment as a matter of law (the "Motion"). The Court finds the Motion suitable for resolution without oral argument pursuant to L.R. 7-1(b). The Court previously issued a ten day stay, and permitted the filing of additional evidence. The Court now GRANTS the Motion, and stays enforcement of the judgment pending a ruling on defendants' motion for new trial and renewed motion for judgment as a matter of law.

The Court has reviewed the submissions of all parties, the applicable legal standard under Federal Rule of Civil Procedure 62(b), and has considered the factors appropriate for determining whether to grant a stay without requiring the posting of a secured bond.[1] The decision whether to issue a stay without the posting of security is an issue left to the sound discretion of the trial court. *Aldasoro v. Kennerson,* 915 F.Supp. 188 (S.D. Cal. 1995). Although granting a stay without requiring a bond is disfavored, it may be appropriate in certain circumstances. *Id. See also*, *In re Appollo Group Inc. Securities Litigation*, 2008 WL 410625 (D. Ariz. 2008) (". . . a district court

---

[1] It appears that no court in the Ninth Circuit has expressly decided what factors should be used in order to determine whether security is required under Rule 62(b). The Court has therefore considered the same factors used in the analysis under Rule 62(d) (stay pending appeal). *See e.g., United States v. Moyer*, WL 3478063 (N.D. Cal. 2008).

may grant an unsecured stay in 'unusual circumstances' where the granting of such stay will not 'unduly endanger the judgment creditor's interest in ultimate recovery.'") (citations omitted).

The Court has not reached any conclusions regarding the merits of the pending new trial and renewed JMOL motions. However, the balance of hardships, based on the record before the Court, favors Defendants. They have represented that they will file for bankruptcy protection if a stay is not granted. The evidence before the Court indicates that they will be unable to obtain a bond to secure the judgment. On the other hand, there is no evidence before the Court that plaintiff's ability to collect a judgment in this case will be jeopardized by a short stay.[2]  Accordingly, the enforcement of the judgment is stayed pending the Court's decision on the pending motions. During the term of this stay, Defendants are ordered not to transfer any assets other than in the ordinary course of business.

IT IS SO ORDERED.

Dated: March 5, 2009

JOSEPH C. SPERO
United States Magistrate Judge

---

[2] The Court is not, of course, ruling at this time on whether a similar stay should issue in the event that there is an appeal of the Judgment in the case to the Ninth Circuit.

2